*E-Filed 7/28/10*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| TUNG THANH NGUYEN, | No. C 10-0666 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| V. S. CULLEN, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 1994, an Orange County Superior Court jury convicted petitioner of first degree murder and robbery. The trial court sentenced petitioner to twenty-five years to life in state prison. In 2008, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole on grounds that he "poses a present risk of danger to society or a threat to public safety if released from prison." (Pet., Ex. A at 98.) In response to the Board's decision, petitioner sought, though was denied, relief on state collateral review. (Pet. at 6–7.) This

*United States District Court*
*For the Northern District of California*

federal habeas petition followed.

In reaching its decision, the Board considered the facts of the commitment offense. In April 1993, petitioner, Duc Truong, Khuong Quoc Vo, and Johnny Dung Nguyen[1] participated in the stabbing death of Tuan Troung ("the victim"), a friend turned enemy of Vo. It appears that these men went to the victim's hotel room, and, after gaining entry, Vo punched the victim in the chest, knocking him on the bed, and then jumped on him and placed a knife to his throat. His accomplices, including petitioner, brandished knives at the other occupants of the hotel room. Truong then stabbed the victim in his left inner thigh. Petitioner warned his accomplices that the police were driving by the hotel, and they shut off the lights as a consequence. The group waited in the dark for roughly forty minutes, allowing the victim to bleed to death, and then Vo, Truong, and petitioner left the hotel room, with Vo telling the remaining occupants that Truong and petitioner would kill them if the occupants left earlier than fifteen minutes after Vo left. (Pet., Ex. A at 18–23 & 99.) Petitioner apparently never stabbed the victim, but admitted during police interrogation, and at the parole hearing, that he held knives to the throat of another occupant in a "scissor hold" with one knife at the front of the neck and the second at the back, so as to prevent the occupant from interfering with the attack on the victim. (*Id*. at 30–31, 33–34.) The police found petitioner, Truong, and Vo in a vehicle in the parking lot of the hotel. The vehicle contained two butcher knives, and a hunting knife. Truong and Vo had dried blood on their hands and clothing. (*Id*. at 18–19.) The Board expressed concern that the motive for the crime remains unclear, with possibilities ranging from a dispute over a monetary debt, to simple dislike between Vo and the victim. (*Id*. at 99.)

In addition to the circumstances of the commitment offense, the Board cited as factors in its decision petitioner's criminal history, his behavior in prison, his social history, and his psychological report. At sixteen, petitioner was convicted of assault. (*Id*. at 99.) While in

---

[1] Not petitioner's relation.

prison in 2000, petitioner, a native of Vietnam, participated in a prison race riot, and received a four month term of imprisonment in the secured housing unit. (*Id*. at 64–65.) Petitioner also received three citations for minor misbehavior, the last one in 2005. (*Id*. at 76.) In regard to his social history, petitioner admitted that he dropped out of school while a teenager. (*Id*. at 27.) Petitioner's psychological report stated that he presented a "very low" risk of committing violence. (*Id*. at 78.) Also, petitioner lacked any parole plans for life in Vietnam, to which country he likely will be, as a non-U.S. citizen felon, deported if released. (*Id*. at 83.) In light of all these factors, the Board concluded that petitioner posed an unreasonable threat to public safety and denied him parole. (*Id*. at 98.) As grounds for federal habeas relief, petitioner alleges that the Board's decision was not supported by sufficient evidence of petitioner's current dangerousness.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but

1   unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  "[A]
2   federal habeas court may not issue the writ simply because that court concludes in its
3   independent judgment that the relevant state-court decision applied clearly established
4   federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."
5   *Id*. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask
6   whether the state court's application of clearly established federal law was "objectively
7   unreasonable." *Id*. at 409.

## DISCUSSION

Petitioner claims that the Board's decision violated his right to due process because it was not based on "some evidence" that he currently poses an unreasonable risk to public safety.  Due process requires that the Board's decision to deny a California prisoner parole be supported by "some evidence" of current dangerousness.  *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Pearson v. Muntz*, No. 08-55728, 2010 WL -- (9th Cir. May 24, 2010) (per curium).  Accordingly, in reviewing federal habeas claims that a California prisoner was denied parole in violation of due process, courts must "decide whether the California judicial decision approving the governor's [or the parole board's] decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the evidence." *Hayward*, 604 F.3d at 562–63.

The commitment offense alone does not always provide evidence that a petitioner poses a current threat to public safety.  *Id*. at 562.  The offense does not establish current dangerousness "unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state" supports an inference of dangerousness.  *Id*., citing *In re Lawrence*, 44 Cal. 4th 1181, 1214 (Cal. 2008).

Here, the record shows that there was "some evidence" to support the state court's approval of the Board's parole denial.  First, the circumstances surrounding the commitment offense suggest that petitioner lacks sufficient judgment, participating in a highly violent act

with little encouragement. Second, the record establishes that petitioner's pre- and post-conviction history supports an inference of current dangerousness — in particular his conviction for assault prior to the occurrence of the commitment offense, his citation for participation in a prison riot, and his being rated as having a low potential for future violence. While a rating of low is not conclusively prohibitive, it does constitute some evidence of current dangerousness in addition to the commitment offense. *See Hayward*, 603 F.3d at 570–71 (Berzon, J., concurring).

It is reasonable to infer from this record of past violence and recent misbehavior that, if released, petitioner currently poses an unreasonable risk of danger to society, or a threat to public safety. Because the Board's decision is supported by sufficient evidence in the record, including circumstances other than those of the commitment offense, petitioner's claim that the Board's decision was unsupported by sufficient or "some" evidence of current dangerousness is DENIED. In sum, the state court's approval of the Board's decision, therefore, was not an "unreasonable application" of the California "some evidence" requirement, nor was it "based on an unreasonable determination of the facts in light of the evidence."

## CONCLUSION

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

//
//
//
//
//

ORDER DENYING PETITION
5

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: July 28, 2010

RICHARD SEEBORG
United States District Judge